# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TRAUSCH,<br><br>　　　　　Defendant. | Case No. 1:15-cv-00811 AWI DLB PC<br><br>ORDER REGARDING DEFENDANT'S MOTION TO STAY PROCEEDINGS<br><br>(Document 14) |

Plaintiff Brian C. Applegate ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action is proceeding on Plaintiff's Eighth Amendment and state law claims against Defendant Christian Trausch.

On January 22, 2016, Defendant filed a motion to stay the proceedings. Plaintiff filed his opposition on March 7, 2016. Defendant did not file a reply and the motion is therefore ready for decision pursuant to Local Rule 230(l).

## I.　　BACKGROUND

### A.　Procedural History

Plaintiff filed this action on May 29, 2015. The Court screened the complaint on October 15, 2015, and determined that it stated an Eighth Amendment claim, as well as state law claims, against

///

1

Defendant Christian Trausch. Plaintiff alleged that Defendant coerced him into sexual acts during a counseling session on October 22, 2014.

Defendant filed an answer on January 11, 2016, and the Court issued a Discovery and Scheduling Order on January 12, 2016.

On January 27, 2016, Defendant's counsel received written discovery from Plaintiff, including two sets of interrogatories and seventy requests for admission. Smith Decl. ¶¶ 5-6. It is unclear if Defendant has responded to the discovery as of the date of this order.[1]

On March 7, 2016, the Court granted Defendant's request to extend the deadline for exchanging initial disclosures to April 26, 2016.

B. Exhaustion Issue

Plaintiff alleges that he filed two inmate appeals regarding the claims in this action, but states that prison officials did not act upon the appeals. Defendant denies that Plaintiff ever submitted the appeals, and believes that the claims are unexhausted.

Prior to filing this action, Plaintiff filed a writ of mandate in the Sacramento County Superior Court, *Applegate v. Beard*, in June 2015.[2] The two inmate appeals that Plaintiff contends exhausted the issues herein are the subject of the petition, and he seeks an order directing prison officials to process and adjudicate the appeals. Alternatively, Plaintiff requests that the court find that he exhausted his administrative remedies. Smith Decl. ¶ 3. Respondent Beard filed an answer denying that Plaintiff ever submitted the appeals in question. Smith Decl. ¶ 4. A hearing on the petition is set for April 9, 2016. Smith Decl. ¶ 4.

Defendant intends to bring a motion for summary judgment based on Plaintiff's failure to exhaust in this action. Smith Decl. ¶ 2. Pursuant to the Discovery and Scheduling Order, motions for failure to exhaust are due by April 11, 2016.

**II. DISCUSSION**

The court has inherent authority to manage the cases before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in

---

[1] Mr. Smith's declaration indicated that he may be able to serve responses by February 26, 2016. Smith Decl. ¶ 6

[2] Defendant's request for judicial notice is GRANTED. The Court may take judicial notice of court records in other cases. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceeding in federal court ... are committed to the discretion of the trial court. *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir.1987).

Defendant moves to stay this action pending a ruling on Plaintiff's petition for writ of mandate, arguing that the outcome of the writ would impact this case. The Court agrees.

A stay of this action is appropriate until the pending state action is resolved. *See Nakash v. Marciano*, 882 F.2d 1411, 1415 (1989) ("[A] federal court may stay its proceedings in deference to pending state proceedings."). Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir.2010) (same). Under California law, a judgment in a writ of mandate is entitled to issue preclusion. *Mata v. City of Los Angeles*, 20 Cal.App. 4th 141, 149 (1993).

The state court's ruling may dramatically impact the exhaustion analysis in this action. Given that this Court must decide the exhaustion issue as soon as feasible, *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014), and the fact that the hearing on the petition is only a few weeks away, a stay would avoid the expenditure of unnecessary time and resources. This is especially true where the state's ruling is *necessary* for both the parties and the Court to move forward efficiently on the issue of exhaustion.

A stay will not prejudice Plaintiff, as he will be entitled to discovery on the issue of exhaustion pursuant to the Court's Discovery and Scheduling Order, once the stay is lifted. The ruling on the petition may also provide context within which to seek exhaustion-based discovery, and perhaps lead to more focused discovery. Moreover, merits-based discovery, given the open issue of exhaustion, would only waste the parties' resources.[3]

---

[3] It is this Court's general practice to stay merits-based discovery upon a defendant's request where a motion for summary judgment based on exhaustion is pending.

Plaintiff objects to a stay, believing that Defendant contends that this action will be moot regardless of the outcome of the petition.  This is not Defendant's position, however.  While the outcome of the petition will impact Defendant's treatment of the exhaustion issue, it will not automatically render this action moot.  Plaintiff correctly recognizes that *this* Court will conduct its own exhaustion analysis, regardless of the outcome of the petition.  The ruling on the petition may impact this Court's ruling, but it will not preclude the Court from analyzing the issue.

To the extent that Plaintiff argues the merits of an exhaustion issue, his arguments are premature and should be raised in response to a motion for summary judgment for failure to exhaust.

### III. ORDER

Based on the above, Defendant's motion to stay all proceedings is GRANTED.  Defendant need not respond to Plaintiff's discovery at this time.  Defendant SHALL file a status report within ten (10) days of the state court's ruling on Plaintiff's petition for writ of mandate.

Plaintiff's motion to amend, requested in his opposition, is DENIED WITHOUT PREJUDICE to refiling once the stay is lifted.

IT IS SO ORDERED.

Dated:   **March 29, 2016**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE

4