# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN APPLEGATE,<br><br>          Plaintiff,<br><br>    v.<br><br>CHRISTIAN TRAUSCH,<br><br>          Defendant. | 1:15-cv-00811-AWI-GSA-PC<br><br>**ORDER LIFTING STAY OF PROCEEDINGS IMPOSED ON MARCH 29, 2016**<br>**(ECF No. 24.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**(ECF No. 40.)**<br><br>**ORDER FOR PLAINTIFF TO (1) SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED, OR (2) FILE MOTION FOR VOLUNTARY DISMISSAL**<br><br>**TWENTY-DAY DEADLINE** |

## I. BACKGROUND

Brian C. Applegate ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 29, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) The case now proceeds with the initial Complaint, against Defendant Christian Trausch ("Defendant"), on Plaintiff's Eighth Amendment claim and related state law claims.

1

On March 29, 2016, the court granted Defendant's motion to stay the proceedings in this action until his case at the Sacramento Superior Court was resolved. (ECF No. 24.) On July 25, 2016, the court issued an order continuing the stay until Plaintiff's state court ruling became final. (ECF No. 30.) On April 28, 2017, the court issued an order requiring Plaintiff to file a status report regarding his state court case within fourteen days. (ECF No. 39.)

On May 15, 2017, Plaintiff filed a status report. (ECF No. 40.) Plaintiff also requested the court to take judicial notice of documents in his the Sacramento County Superior Court case, and to acquire case records from the Sacramento County Superior Court. (Id.)

## II. STATUS REPORT

Plaintiff notified the court that he did not pursue a petition for review at the California Supreme Court, and that he does not oppose lifting the stay of this action.[1] (Id.) The record shows that on February 10, 2017, Defendant also filed a status report, indicating that Plaintiff had appealed to the Third District Court of Appeal, Case No. C083150, and that the Third District Court of Appeal entered an order denying the writ of mandate and issuing a remittitur on January 6, 2017, after which time the jurisdiction of the trial court ordinarily reattaches. (ECF No. 37.)

Given that the parties have notified the court that Plaintiff's state court case has concluded, the court finds good cause to lift the stay in this action.

## III. MOTION FOR RECONSIDERATION

Plaintiff has requested the court to take judicial notice of documents in his case file at the Sacramento County Superior Court, and to acquire his case records from the Sacramento County Superior Court. (Id.) The court construes this request as a motion for reconsideration of the court's April 28, 2017, order, which denied Plaintiff's request for judicial notice of his state court file and his request for this court to acquire case documents for him from the Sacramento County Superior Court. (ECF No. 39.)

---

[1] On March 29, 2016, on Defendant's motion, the court stayed the proceedings in this action pending resolution of Plaintiff's petition for writ of mandate in the Sacramento County Superior Court. (ECF No. 24.)

2

Rule 60(b) allows the court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

///

Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

## IV. ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED, OR FILE NOTICE OF VOLUNTARY DISMISSAL

On April 7, 2016, Plaintiff filed a notice of his intention to voluntarily dismiss this case if the Sacramento County Superior Court determined that he had not exhausted his available administrative remedies for his claims in this action. (ECF No. 25 at 1:10-24.) Given that Plaintiff's petition for writ of mandamus was denied at the Sacramento County Superior Court, Plaintiff shall be required to respond to this order, showing cause why this case should not be dismissed without prejudice pursuant to his April 7, 2016 notice, or filing a "Motion for Voluntary Dismissal of Case, Without Prejudice, under Rule 41."[2]

## V. CONCLUSION AND ORDER TO SHOW CAUSE

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The stay of proceedings in this action, imposed on March 29, 2016, is lifted;

2. Plaintiff's motion for reconsideration, filed on May 15, 2017, is DENIED;

3. Within **twenty (20) days** of the date of service of this order, Plaintiff is required to either:

    (1) File a response to this order, showing cause why this case should not be dismissed, or

///

---

[2] Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer or a motion for summary judgment but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal must be effected through Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. P. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2); Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2003). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

4

(2) File a "Notice of Voluntary Dismissal of Case, Without Prejudice, under Rule 41"; and

2. Plaintiff's failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **May 19, 2017**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE